# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| ALMAZ YOHANNES, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | **COMPLAINT** |
| PARAMOUNT RECOVERY SYSTEMS, | § | Jury Trial Demanded |
| LP, | § | |
| Defendant. | | |

## NATURE OF ACTION

1. Plaintiff Almaz Yohannes ("Plaintiff") brings this action against Defendant Paramount Recovery Systems, LP ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, VENUE, AND STANDING

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff reside in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6. "[T]he FDCPA is a strict liability statute—collector 'need not be deliberate, reckless, or even negligent to trigger liability . . . .'" *Walker v. Pharia, LLC*, No. 4:09-CV-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (quoting *Ross v. RJM Acquisitions Runding LLC*, 480 F.3d 493, 495 (7th Cir. 2007)).

7. "To determine whether a particular collection practice violates the FDPCA, the Court 'must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.'" *Castro v. Collecto, Inc.*, 668 F. Supp. 2d 950, 959 (W.D. Tex. 2009) (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)).

8. "The Fifth Circuit has explained the unsophisticated or least sophisticated consumer standard is meant to protect all consumers from abusive or deceptive collection practices and to protect debt collectors from consumers who misinterpret collection materials." *Id.* at 959-60.

## PARTIES

9. Plaintiff is a natural person who at all relevant times resided in the State of Texas, County of Collin, and City of Dallas.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

13. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

14. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

15. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

16. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

17. Plaintiff is in the process of purchasing a residential home.

18. As part of the process, Plaintiff obtained copies of her consumer reports from Experian, Equifax, and TransUnion.

19. In reviewing the consumer reports, Plaintiff discovered Defendant reporting the Debt.

20. Plaintiff subsequently disputed the Debt with Defendant.

21. The her written dispute, Plaintiff asserted that the Debt was past the statute of limitations.

22. In response, Defendant sent Plaintiff written correspondence dated May 9, 2018.

23. A true and correct copy of the May 9, 2018 letter, excluding enclosures, is attached as Exhibit A.

24. The May 9, 2018 letter states a balance due of $525.00. Exhibit A.

25. The letter includes a detachable portion that the consumer can use to send in payment. Exhibit A.

26. The purported verification states that the Debt was incurred on May 29, 2013.

27. The State of Texas sets a four year statute of limitation for initiating an action based on a debt. *See* Tex. Civ. Prac. & Rem. Code § 16.004(4).

28. Therefore, the Debt was beyond the statute of limitations and Defendant could take no legal action to collect it.

29. At no time did Defendant inform Plaintiff that the Debt was past the statute of limitations to collect through the filing of a lawsuit.

30. Since Plaintiff's dispute specifically mentioned the statute of limitations and Defendant's May 9, 2018 letter containing purported verification makes no reference to the statute of limitations, the least sophisticated consumer could believe the Debt was not past the statute of limitations.

31. Plaintiff again disputed the Debt in writing with Defendant by sending a letter dated June 20, 2018.

32. Plaintiff again advised Defendant that she believed the Debt was past the statute of limitations.

33. Defendant responded to Plaintiff's written dispute via letter dated August 29, 2018.

34. A true and correct copy of the August 29, 2018 letter, excluding enclosures, is attached as Exhibit B.

35. Again, the August 29, 2018 letter failed to inform Plaintiff that the Debt was past the statute of limitations to collect through the filing of a lawsuit.

36. Since Plaintiff's dispute specifically mentioned the statute of limitations and Defendant's August 29, 2018 letter containing purported verification makes no reference to the statute of limitations, the least sophisticated consumer could believe the Debt was not past the statute of limitations.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

37. Plaintiff repeats and re-alleges each factual allegation contained above.

38. The FDCPA broadly prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, including "the false representation of the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10).

39. "Whether a debt is legally enforceable is a central fact about the character and legal status of that debt." *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 399 (6th Cir. 2015) (quoting *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014)).

40. When a debt is past the statute of limitations, "collection efforts offer opportunities for mischief and deception." *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 684 (7th Cir. 2017).

41. When faced with a settlement offer or a demand for payment, "an unsophisticated consumer debtor who makes the first payment or who promises to make a partial payment is

much worse off than he would have been without taking either step. If he then fails or refuses to pay further, he will face a potential lawsuit." *Id.* at 685.

42. "[T]he FDCPA prohibits a debt collector from luring debtors away from the shelter of the statute of limitations without providing an unambiguous warning that an unsophisticated consumer would understand." *Id.*

43. In addition, discussion of settlement or otherwise leading the consumer to believe that the debt is enforceable runs afoul of the FDCPA's prohibition on false or misleading representations. *See Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 428 (3d Cir. 2018); *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 513 (5th Cir. 2016); *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 397 (6th Cir. 2015); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014).

44. "Even without an express threat of litigation, such collection efforts offer opportunities for mischief and deception . . . . particularly when sophisticated parties aim carefully crafted messages at unsophisticated consumers . . . ." *Manuel Pantoja v. Portfolio Recovery Associates, LLC*, No. 15-1567, --- F.3d ----, 2017 WL 1160902, at *3-6 (7th Cir. Mar. 29, 2017)

45. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's Debt, including by misleading the consumer as to whether the debt was enforceable and by coaxing the consumer to make a payment and revive the statute of limitations without an unambiguous disclaimer that doing so would restart the statute of limitations.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f

46. Plaintiff repeats and re-alleges each factual allegation above.

47. The FDCPA also prohibits the use of unfair or unconscionable means to collect debts. *See* 15 U.S.C. § 1692f.

48. In addition to the non-exhaustive list of conduct that violates the FDCPA, § 1692f "allows a court to sanction improper conduct the FDCPA fails to address specifically." *Turner v. Professional Recovery Services, Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)).

49. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt, including by soliciting payment of a debt from Plaintiff, thus luring the consumer away from the shelter of the statute of limitations, without providing an unambiguous warning that an unsophisticated consumer would understand that doing so would restart the limitations period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

### TRIAL BY JURY

50. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: October 26, 2018

Respectfully submitted,

/s/ Russell S. Thompson, IV
Russell S. Thompson, IV
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone:   (602) 388-8898
Facsimile:   (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff